# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

William F. Haun *v.* Joseph P. Trainer, Appellant.

*Husband and wife—Promissory notes—Affidavit of defense—Act of June 8,*
1893.

In an action by an indorsee against the maker of a promissory note, the
payee of which was the maker's wife, an affidavit of defense is sufficient
to prevent judgment which avers that the plaintiff is not a bona fide holder
for value of the note sued on, but obtained the same after maturity, and
that he sues in his name only for the purpose of evading the prohibition
of the Act of June 8, 1893, P. L. 345, against the bringing of a suit by a
wife against her husband, with the further averment that defendant had
not deserted his wife, or forced her to leave him.

*Query* as to whether during marriage and cohabitation, a wife can
transfer, even for value, a note of her husband as to which her own right
of action was suspended by the marriage, so as to enable the indorsee to
sue her husband.

Argued Jan. 10, 1899. Appeal, No. 218, Jan. T., 1898, by
defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T.,
1897, No. 759, making absolute a rule for judgment for want of
a sufficient affidavit of defense. Before STERRETT, C. J., GREEN,
WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Re-
versed.

Assumpsit upon a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The note sued upon was as follows:

"$4000    PHILADELPHIA, PA., November 4th, 1895.

"One year after date I promise to pay to the order of Dorothea A. Theurer, Four thousand ($4,000.00) Dollars at 1523 West York Street, Philadelphia, Pa. Without defalcation for Value Received.

"(Sgn)    JOSEPH P. TRAINER.

"Endorsed,
    "DOROTHEA A. THEURER.
    "DOROTHEA A. TRAINER."

The affidavit of defense set forth the following facts:

Joseph P. Trainer, the defendant above named, being duly sworn according to law, deposes and says that he has a just, true and legal defense to the whole of the plaintiff's claim in the above case of the following nature and character, to wit: That the note in suit was given by deponent to Dorothea A. Theurer (now Trainer), who subsequently became and still is deponent's wife; that William F. Haun, the plaintiff, is not a bona fide holder for value of the said note, but obtained the same, if at all, after maturity, and with full notice of deponent's defenses thereto; that this suit was commenced in the name of the said William F. Haun solely for the purpose of attempting to evade the statutory prohibition against the bringing of a suit by a wife against her husband; that deponent and the said Dorothea A. Trainer are lawfully married husband and wife, and from the time of their marriage lived and cohabited together as such at deponent's residence, until about three weeks ago, when the said Dorothea, without any just or reasonable cause, abandoned his bed and board, and has since continued, without legal or other proper or sufficient ground or justification, to absent herself from his roof, to enable the said William F. Haun, as deponent believes, to make an untrue averment in his statement of demand, to wit: "that she had been forced to leave the domicil of her husband, the said defendant, and thereafter to live separate and apart from her said husband."

Deponent further avers that he has not deserted or separated himself from his said wife, nor has he neglected or refused to support her, but on the contrary, down to the time of her unlawful abandonment of him, had maintained her to the best of his

means and ability, and to her entire satisfaction. Deponent further shows to the court that an action to recover on the note in suit in this case, was commenced against him by Louise Haun, trustee, in court of common pleas, No. 3, to September term, 1897, No. 375, which action was subsequently discontinued of record.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Henry J. Scott,* with him *James Fitzpatrick* and *John M. Campbell,* for appellant.—All relevant and material averments of fact contained in the affidavit are admittedly true for the purposes of argument, and their full legal effect is to be given them: Bank v. Miller, 179 Pa. 412.

The plaintiff having taken the note after maturity, as he admits in the statement of claim filed, did so subject to all the equities existing between the defendant, who is the maker of the note, and the payee : McManus v. Sweatman, 22 W. N. C. 54 ; Hays v. Kingston, 23 W. N. C. 277 ; Small v. Small, 129 Pa. 366.

At common law contracts made between parties who subsequently marry are, by reason of that unity, extinguished by the marriage : 1 Blackstone's Commentaries, 442 ; Husbands on Rights of Married Women, sec. 15.

A wife cannot sue her husband except in the cases and under the circumstances provided by the act of 1893 : Kennedy v. Knight, 174 Pa. 408.

*Emanuel Furth,* with him *Jacob Singer,* for appellee.—A husband may confess or suffer a judgment to be entered against himself in favor of his wife without the intervention of a trustee, and execution may be lawfully issued thereon : Rose v. Latshaw, 90 Pa. 238 ; Lahr's App., 90 Pa. 507.

The personal privilege accorded the husband in the matter of suits by the wife may even be waived before marriage : Kincade v. Cunningham, 118 Pa. 501.

The holder of a note to whom it was indorsed after maturity may sue in his own name without proof of consideration for the transfer: Kyner v. Shower, 13 Pa. 444.

OPINION BY MR. JUSTICE MITCHELL, February 13, 1899 :

The affidavit of defense sets up that the plaintiff is not a bona fide holder for value of the note sued on, but obtained the same after maturity, and sues in his name only for the purpose of evading the statutory prohibition against the bringing of a suit by a wife against her husband.. It further denies that defendant has deserted his wife, or forced her to leave him. This affidavit is criticized because plaintiff's statement that the note was indorsed to him for a valuable consideration is opposed by " a mere averment." .But that is all that was required in this stage of the case, and the learned court seems to have overlooked the rule that on a judgment for want of a sufficient affidavit of defense the averments of the affidavit must be taken to be true.

By section 3 of the Act of June 8, 1893, P. L. 345, it is expressly provided that a wife " may not sue her husband except in a proceeding for divorce, or in a proceeding to protect or recover her separate property whensoever he may have deserted or separated himself from her without sufficient cause, or may have neglected or refused to support her." If the wife had sued upon this note in her own name she would have had to bring herself by affirmative proof within the exception of the statute, and the denial of desertion, etc., in the affidavit of defense would have entitled defendant to a jury trial on that question. The statute cannot be evaded by a mere colorable indorsement to a third party. As the plaintiff admittedly took the note after maturity it has no longer the character or the efficiency of commercial paper in the hands of a bona fide holder for value before maturity, and defendant could make defense on that ground alone. But his affidavit goes further and, not only denies the desertion, but sets up the transfer to plaintiff as a mere device to evade the statute. Should the jury so find, the plaintiff cannot recover. The affidavit is sufficient to send the case to a jury, and to put the plaintiff upon proof that the wife is entitled to sue under the act of 1893, or that he is a bona fide holder for value.

If the latter point is made the jury should be required to find specially and separately upon it, because there would then arise another question, whether during marriage and cohabitation, a wife can transfer, even for value, a note of her husband as to

which her own right of action was suspended by the marriage, so as to enable the indorsee to sue her husband. If so, she can at will nullify that provision of the statute. This is an important general question which was suggested but not argued in the case, and therefore we express no opinion upon it.

Judgment reversed and procedendo awarded.